**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROYAL NEIGHBORS OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| AIMC, LLC, as purported successor to | ) | |
| AMERICAN INSURANCE MARKETING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Royal Neighbors of America hereby alleges as follows:

PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Royal Neighbors of America ("RNA") is an Illinois fraternal benefit association incorporated under the laws of Illinois with its principal place of business located in Illinois.

2.

Defendant AIMC, LLC ("AIMC") is the purported successor in interest to American Insurance Marketing Corporation.  AIMC is a Georgia limited liability company with its principal place of business located in Woodstock, Georgia.  None of the members of AIMC are citizens of Illinois.

3.

The amount in controversy exceeds $75,000, exclusive of interest and costs.

LEGAL02/35132311v3

4.

Venue is proper in this district under 28 USC §1391(b)(1) because AIMC is a resident of this judicial district.

FACTS

5.

On or about June 9, 2004, RNA and American Insurance Marketing Corporation executed a national marketing services agreement (the "Agreement").  The Agreement was amended and modified by written instruments executed on a number of subsequent occasions.

6.

AIMC, as purported successor in interest to American Insurance Marketing Corporation, claims to be the current counterparty to the Agreement.

7.

In the first quarter of 2014, RNA exercised its contractual right to terminate the Agreement.

8.

On August 19 and September 29, 2014, AIMC sent demand letters to RNA demanding continued payment of a marketing allowance post termination of the Agreement.

9.

RNA disputes and denies that it has any obligation to pay the marketing allowance post termination of the Agreement.  The agreement does not contemplate

2

payment of the marketing allowance post termination and American Insurance Marketing

Corporation did not satisfy its obligations with respect to the marketing allowance.

10.

An actual controversy exists between the parties as to whether RNA is obligated

to pay any marketing allowance post termination.

COUNT ONE

(Declaratory Judgment)

11.

RNA is insecure with respect to its rights and obligations under the Agreement.

12.

An actual controversy exists between the parties.

Wherefore, RNA prays as follows:

(a)      For a declaratory judgment that RNA has no obligation to pay AIMC for

marketing allowance post-termination of the Agreement.

(b)      For such other and further relief as is just and appropriate.

This 8th day of October, 2014.

s/ James C. Grant_____
JAMES C. GRANT
Georgia Bar No. 305410
AMANDA M. WAIDE
Georgia Bar No. 663825
*Attorneys for Plaintiff*
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (Telephone)
(404) 881-7777 (Fax)

LEGAL02/35132311v3